IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOD ANTHONY HIGGINS | § | |
| | § | |
| VS. | § | C.A. NO. C-04-657 |
| | § | |
| JOE D. DRIVER | § | |

**ORDER DENYING PETITIONER'S MOTION**
**FOR DEFAULT JUDGMENT AND STATUS**

Federal prisoner Tod Anthony Higgins filed this § 2241 habeas corpus action on December 14, 2004, alleging that the Bureau of Prisons ("BOP") had unconstitutionally denied him good conduct time credits on his sentence (D.E. 1). On January 10, 2005, service was ordered on respondent (D.E. 9). Petitioner now moves for default judgment on the grounds that respondent has failed to file an answer (D.E. 18). In addition, petitioner seeks the "status'" on service on respondent (D.E. 16).

Default judgment is not appropriate in a habeas corpus proceeding because the failure of respondent to file an answer does not entitle petitioner to habeas corpus relief. See, e.g., Wiggins v. Procunier, 753 F.2d 1318, 1321 (5th Cir. 1985) (citing United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition)); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.").

Moreover, although service was returned executed on John Ashcroft on January 28, 2005 (D.E. 13), and respondent Driver on January 31, 2005 (D.E. 15), the United States Attorney was not served until March 29, 2005 (D.E. 17). Respondent has 60 days from the date of service to file his answer. Accordingly, petitioner's motion for default judgment (D.E. 18) is DENIED. Petitioner's motion for status of service (D.E. 16), is denied as moot.

ORDERED this 16th day of May, 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE